## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LARRY T.  FISHER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-00100-L |
| | § | |
| MICHAEL J.  ASTRUE, | § | |
| Commissioner of Social Security,[1] | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on June 6, 2006, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History:  On October 22, 1998, Plaintiff protectively filed an application for Supplemental Security Income ("SSI") benefits and on December 2, 1999, he filed an application for disability insurance benefits under Title II of the Social Security Act alleging disability due to a total right knee replacement, a fifty percent blockage in a major artery in his heart, heart spasms, aortic valve replacement surgery, a lack of a right radial head in his arm and fluid in his legs.  Administrative Law Judge ("ALJ") R.  Neil Lewis conducted a hearing pertaining to both his SSI and disability insurance claims on October 10, 2000.  (Tr.  46-74.)  On December 18,

_____

[1]  Effective February 12, 2007, Michael J.  Astrue was named the Commissioner of Social Security.  The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

2000, the ALJ issued a partially favorable decision, (Tr. 115-25), finding that: (1) Plaintiff last met the insured status requirements of the Social Security Act on December 31, 1997,[2] (2) Plaintiff was under a disability as of October 22, 1998, and thus was eligible for SSI payments, but (3) that Plaintiff was not under a disability at any time prior to October 22, 1998, and thus was not eligible for disability insurance benefits.  (Tr. 124-25.)

Plaintiff timely requested a review of the unfavorable portion of the ALJ's decision by the Appeals Council, and on April 29, 2002, the Appeals Council granted the request and issued an order vacating the ALJ's decision as it related to Plaintiff's claim for disability insurance benefits and remanding the claim for a new hearing.  (Tr. 153-55.)  A second administrative hearing was conducted by ALJ Lewis on September 11, 2002.  (Tr. 75-109.)  On November 26, 2002, the ALJ issued a decision wherein he again denied Plaintiff's disability insurance claim, finding that he retained the residual functional capacity for sedentary work prior to December 31, 1997.  (Tr. 20-32.)  Plaintiff timely requested a review of this second unfavorable decision by the Appeals Council, and on April 16, 2003, the Appeals Council denied the request.  (Tr. 955-57.)  Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.  *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed a complaint for judicial review on June 18, 2003.  *See Fisher v.  Barnhart*, No.  3:03-CV-1357-D.  On November 13, 2003, Defendant filed a motion to remand the case for further administrative action pursuant to sentence six of section 405(g) of the Social Security Act

---

[2]  Where a claimant applies for disability insurance benefits, the claimant must prove the existence of a disabling impairment between the claimant's alleged onset date and the date last insured.  *See Moss v. Apfel*, No. 98-20215, 1999 WL 130146, at *1 (5th Cir. Feb. 12, 1999) (citing § 404.320(b)(2)).

due to a missing hearing tape.  On November 14, 2003, the District Court entered an order

remanding the case to the Commissioner and directing the Commissioner to search for the

hearing tape.

On February 9, 2004, Defendant filed a motion to reopen the case for the purpose of

filing the administrative transcript.  The District Court granted Defendant's motion on February

10, 2004, and ordered that an answer be filed.   Defendant filed an answer on February 12, 2004.

On May 3, 2004, Plaintiff filed her brief.  The Commissioner did not file a responsive brief to the

issues raised by Plaintiff, but rather filed a motion to remand on July 26, 2004, pursuant to

sentence four of § 405(g).  On July 27, 2004, the District Court entered an agreed judgment

remanding Plaintiff's claim for a new administrative hearing and directed the ALJ to: (1)

reweigh, as directed by 20 C.F.R. § 404.1527(d), the opinions of Plaintiff's treating physician,

Dr.  Dennis Lehman, M.D., regarding Plaintiff's ability to sit and stand/walk, (2) reweigh, as

directed by § 404.1527(f), the opinions of the medical expert, Dr. Anne Turbeville, M.D.,

regarding Mr.  Fisher's limitations in using his arms and hands, and (3) articulate in his decision

a basis for the weight accorded to each physician's opinions.  (Tr.  963-64.)

On October 4, 2004, the Appeals Council issued an order vacating the final decision of

the Commissioner and remanding Plaintiff's claim to an ALJ for further proceedings consistent

with the District Court's order.  (Tr.  967-68.)  A third administrative hearing was held by ALJ

Ward King on April 12, 2005, and a supplemental hearing was held on July 26, 2005.  (Tr.

1112-1173, 1174-1201.)  On September 19, 2005, the ALJ issued his decision which denied

Plaintiff's disability insurance claim, finding that Plaintiff was not disabled at all times prior to

the final expiration of his insured status because he retained the capacity to perform a limited

3

range of sedentary work.  (Tr. 929-938.)  Mr. Fisher elected to forgo filing exceptions to the

ALJ's decision with the Appeals Council.  After the Appeals Council failed to otherwise assume

jurisdiction of his claim, the ALJ's decision because the final decision of the Commissioner.  *See*

§ 404.984(d).

Plaintiff filed his second federal complaint on January 17, 2006.  Defendant filed an

answer on June 2, 2006.  On October 9, 2006, Plaintiff filed his brief followed by Defendant's

brief on January 8, 2007.  Plaintiff filed a reply brief on February 7, 2007.

Standard of Review–Social Security Claims:  When reviewing an ALJ's decision to deny

benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's

decision is supported by substantial evidence in the record and (2) whether the proper legal

standards were applied in evaluating the evidence.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th

Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).  "Substantial

evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Villa*, 895 F.2d at 1021-22

(quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether

substantial evidence exists, the court reviews the entire record, but does not reweigh the

evidence, retry the issues, or substitute its own judgment.  *Id.* at 1022 (citations omitted).  Where

the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.

*Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S.

389, 390, 91 S. Ct. 1420, 1422 (1971)).

Discussion:

To prevail on a claim for disability insurance benefits, a claimant bears the burden of

establishing that he or she is disabled, which is defined as "the inability to do any substantial

gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous

period of not less than 12 months."  20 C.F.R. § 404.1505.  Substantial gainful activity is defined

as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done

(or intended) for pay or profit."  § 404.1510.

    The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled.

*See* § 404.1520.  Under the first four steps, a claimant has the burden of proving that his

disability prevents him from performing his past relevant work, but under the fifth step, the

burden shifts to the Commissioner to prove that there is other substantial gainful activity that the

claimant can perform.  *See*, *e.g.*, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294

(1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

    In this case, the ALJ proceeded to step five and determined that, prior to the expiration of

his insured status, Plaintiff retained the capacity to perform less than a full range of sedentary

work and could have performed the jobs of patcher, eyeglass frame polisher/assembler and

document preparer.  (Tr. 937.)  He therefore denied Plaintiff's request for disability insurance

benefits.  (Tr. 938.)

    Plaintiff argues that the ALJ failed to reweigh the opinions of Plaintiff's treating

physician, Dr. Lehman, in accordance with section 404.1527(d), as directed by the District

Court on remand.

    At the post-remand administrative hearing on April 12, 2005, the ALJ posed a

hypothetical question to the VE which included a requirement that the individual be able to

5

change position every fifteen minutes, involving a job with no significant walking, that is–no walking over five or ten minutes at a time. (Tr. 1145.) In response to the question, the VE identified specific jobs in the national and Texas economies which a person with such limitations could perform. (Tr. 1145.)

Mr. Fisher's attorney asked the VE to clarify his opinion with respect to the modified sit/stand option and the VE agreed that his opinion assumed that the individual would stand in place at his work site. (Tr. 1146-47.) Subsequently, in addressing jobs which an individual could perform if required to leave the workstation and move around for less than fifteen minutes at a time in addition to normal work breaks, the VE opined that such an individual would be precluded from the jobs he had previously described. (Tr. 1168.)

Dr. Lehman completed a medical source statement on September 9, 2002, regarding Plaintiff's physical functioning limitations during the time period from October 1996 to December 1997. (Tr. 909-913.) When asked to state "the maximum period [Plaintiff] could have been expected to remain continuously seated before standing or walking about," he opined that, due to swelling in his legs, Plaintiff was capable of remaining continuously seated for a maximum of one hour. (Tr. 910.) Further, in response to a follow-up question asking him whether it was "medically necessary for [Plaintiff] to **walk about** or simply **stand in place**," (emphasis in original), Dr. Lehman determined that "walking about was necessary." (Tr. 910.)

Under the regulations, the medical opinion of an examining source is generally given more weight than the opinion of a nonexamining source. § 404.1527(d)(1). Where the examining source is a "treating source," any opinion regarding the nature and severity of a claimant's impairment should be given controlling weight if the opinion is well-supported by

medically acceptable clinical and laboratory diagnostic techniques.  *See* § 404.1527(d)(2); *see also Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).  In general, if an ALJ declines to give controlling weight to a treating physician's opinion, the ALJ should evaluate the weight to be given the opinion using all of the relevant factors set forth in section 404.1527(d).  *See Walker v. Barnhart*, 158 Fed. Appx. 534, 535, 2005 WL 3340251, at *1 (5th Cir. 2005) (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)).

In his decision, the ALJ found *inter alia* that, based upon the ALJ's hypothetical to the VE at the April 2005 hearing and the VE's opinion that there were jobs available, the VE's testimony was accepted, and therefore, Mr.  Fisher was not disabled prior to the expiration of his insured status.  (Tr.  937-38.)  Elsewhere in the decision, the ALJ stated, "I have afforded great weight generally to Dr.  Lehman's assessment...in limiting the claimant to sedentary work and giving him a modified sit/stand option and significant walking limitations."  (Tr.  935.)

The weight given to Dr.  Lehman's assessment by the ALJ appears qualified.  Under § 404.1527(d)(2), if the ALJ gave "controlling weight" to the doctor's assessment, it is clear in light of the VE's testimony in answer to Plaintiff's counsel's hypothetical question and the VE's clarification that the hypothetical question on which the ALJ relied to find Mr.  Fisher not disabled was fatally flawed foreclosing substantial evidence to support a finding of not disabled at the fifth step of the sequential analysis.  On the other hand, if the ALJ did not give controlling weight to Dr.  Lehman's assessment, he failed to comply with the requirements of § 404.1527(d), the terms of the District Court's agreed final judgment, (Tr.  963), and the Appeals Council's remand order, (Tr.  967-68).  Under either alternative, the determination that Plaintiff was not disabled is not supported by substantial evidence.

Plaintiff also argues that the ALJ failed to evaluate the opinions of the medical expert, Dr. Ann Turbeville, regarding Mr. Fisher's ability to use his arms and hands in accordance with section 404.1525(f), as directed by the District Court on remand.

Section 404.1527(f)(2)(iii) authorizes an ALJ to request and consider opinions of medical experts ("MEs") with respect to the nature and severity of a claimant's impairment. This sub-section further provides that an ME's opinions are evaluated under paragraphs (a) through (e) of § 404.1527.

The agreed judgment provided in pertinent part that the ALJ would reweigh the opinions of Dr. Turbeville regarding Mr. Fisher's limitations in using his arms and hands and would articulate the basis for the weight accorded to her opinions. The same directive was explicitly stated in the Appeals Council's order dated October 4, 2004.

Dr. Turbeville testified at the Administrative hearing held on September 11, 2002, (Tr. 1057-74), and her hearing testimony was incorporated into the current administrative record by ALJ King at the September 19, 2005 hearing without any additions or changes, (Tr. 1116). Regarding Plaintiff's ability to use his arms and hands, Dr. Turbeville testified that during the period of time from October 1996 to December 1997, Mr. Fisher had minor reaching limitations in his right arm due to an elbow impairment, could constantly handle objects with his right hand except that he was unable to perform actions that required him to turn his palm completely up, was unable to perform repetitive motions with his left hand for more than a minute to a minute and a half before needing to rest the hand for 20-30 minutes, and could perform constant fingering with the right hand and occasional fingering with the left hand. (Tr. 1069-1073.)

The ALJ did not find any manipulative limitations in Plaintiff's RFC. In his opinion, he

alluded to Dr. Turbeville's testimony in one brief paragraph, noting that "Dr. Turbeville based her testimony as to the upper extremities on what a patient generally could do given Mr. Fisher's range of motion and medical condition, not on what Mr. Fisher's medical records indicated. However, as noted, the objective record establishes Mr. Fisher had more functioning in his upper extremities than alleged." (Tr. 935.) Moreover, although the ALJ found that the "objective medical record" contradicted Dr. Turbeville's opinions, no reference is made to the medical records which are inconsistent with her testimony. Rather, the medical records appear to support the limitations imposed by Dr. Turbeville. For example, the ALJ discussed the following medical evidence: in May of 1995 Plaintiff was diagnosed with post-traumatic osteoarthritis with valgus deformity in his right elbow as well as bursitis in his right shoulder, (Tr. 932); in July of 1996 Plaintiff had an injection in his left shoulder to treat impingement and osteoarthritis, (Tr. 933); Plaintiff had left carpal tunnel release surgery in 1990 and did "well" until approximately October 1996, (Tr. 933); EMG/nerve conduction studies performed in February 1997 revealed moderately severe left carpal tunnel syndrome, (Tr. 933); and in April 1997, Plaintiff had left carpal tunnel re-release surgery with a radical flexor tenosynovectomy, (Tr. 933).

Moreover, the cursory treatment of Dr. Turbeville's expert testimony does not comply with the Appeals Council's requirement that the ALJ explain the weight given to the doctor's opinions pursuant to § 404.1527 and Social Security Rulings 96-2p and 96-5p.[3] Therefore since the ALJ failed to follow the terms of the prior judgment of the District Court and the directives

---

[3] In its order, the Appeals Council authorized the ALJ to obtain additional evidence and/or further clarification of the opinions of what Mr. Fisher could do through the last date of coverage, but as noted above, Dr. Turbeville's prior testimony was the only ME testimony considered.

of the Appeals Council, such error precludes upholding the decision of the ALJ.  *See*, *e.g.*, *Johnson v. Barnhart*, 285 F.  Supp.  2d 899, 916 (S.D. Tex.  2003).

It is likewise clear that such error prejudiced Mr.  Fisher.  Perhaps the best indication of the effect which such error had is found in the ALJ's decision wherein he noted that at the hearing on July 26, 2005, the VE testified that a person "who could handle with the left hand for one to one-and-a-half minutes before resting the hand and the left arm for thirty minutes, who could perform fingering only occasionally with the left hand, and who could not turn the entire right arm, could not perform the jobs named in the April 2005 hearing."  (Tr.  937, 1198-99.)

Conclusion: The administrative record in this case is 1200 pages in length, albeit that at least portions are duplicates.  The record contains three administrative hearings before ALJs as well as a supplemental hearing.  At no time was it ever argued or determined that Mr.  Fisher's impairment did not preclude him from performing his past relevant work, but each unfavorable decision was based on a finding at the fifth step of the five step sequential inquiry that there was other substantial work that Plaintiff could perform despite his impairments.  As noted above, the burden of proof is on the defendant at the fifth step.  The errors in assessing Mr.  Fisher's impairment could not have been more prominently identified than was stated in the District Court's judgment entered in No.  3:03-CV-1357-D or in the Appeals Council's subsequent remand order.  The errors were not corrected in the September 19, 2005, decision nor did the ALJ supplement the record with additional information from treating and examining sources as authorized by the Appeal Council.

A court has the discretion to remand a case for additional review and findings *or* for an additional award of benefits.  *See*, *e.g.*, *McCartey v. Massanari*, 298 F.3d 1072, 1074-75 (9th

Cir. 2002) (collecting cases); *see also Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992);

*Jimmerson v. Apfel*, 111 F. Supp. 2d 846, 847 (E.D. Tex. 2000).  In this case, Defendant has

been given more than an ample opportunity to obtain information to establish that Mr.  Fisher

was not disabled under the definition applied to the Social Security Act under the fifth step prior

to the last date on which he was insured.  Having failed to meet the burden imposed, Mr.  Fisher

should receive the benefits for which he applied.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order and

judgment GRANTING Plaintiff's motion for summary judgment and that his application be

REMANDED to Defendant for calculation of the benefits to which he is entitled.  A copy of this

recommendation shall be transmitted to counsel for the parties.


Signed this 5th day of June, 2007.


_____

Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.